UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

2003 OCT -1  PM 3:48

In re:

Case No.: 03-32008 BKC-SHF

TIJID, INC., d/b/a DIJIT,

Adv. Pro.No. _____

Alleged Debtor

_____ /

TIJID, INC., d/b/a DIJIT, a Florida corporation,
PALM BEACH HOME ACCENTS, INC., a
Florida corporation,

Case No. **03-14290**

Plaintiffs

vs.

**CIV-MIDDLEBROOKS**

WAL-MART STORES, INC., et. al.

MAGISTRATE JUDGE
LYNCH

Defendants.

_____ /

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1452(a), Defendant, Wal-Mart Stores,

Inc., ("Wal-Mart") hereby files its Notice of Removal of the above cause from the Circuit Court

of the Nineteenth Judicial Circuit, in and for Indian River County, Florida where same is now

pending under Case No. 2003-0129 CA 03 (the "State Court Action"), to the United States

District Court for the Southern District of Florida, and states as follows:

## I. BACKGROUND

On April 18, 2003, certain creditors of Tijid, Inc. ("Tijid") filed an involuntary

bankruptcy proceeding pursuant to 11 U.S.C. §303 against Tijid in the United States Bankruptcy



Court for the Southern District of Florida ("Bankruptcy Court"), now pending under Case No. 03-32008.  Subsequent to the commencement of the bankruptcy proceeding, Tijid and Palm Beach Home Accents, Inc. ("PBHA") filed a nine count Amended Complaint on or about September 11, 2003, in the Circuit Court of the Nineteenth Judicial Circuit, in and for Indian River County, Florida, naming twelve defendants including Wal-Mart and seeking in excess of one billion dollars ($1,000,000,000.00) in alleged damages.  On information and belief, Tijid and PBHA are related companies having common ownership.  *See* Amended Complaint at n. 1. PBHA is not a party to the bankruptcy proceedings and accordingly will not be discussed in Wal-Mart's Notice of Removal pursuant to 28 U.S.C. § 1452 (a).  However, PBHA is addressed below in Wal-Mart's Notice of Removal pursuant to 28 U.S.C. § 1332.

Plaintiffs' Amended Complaint purports to state causes of action against Defendants for : (a) Tortious Interference with Advantageous Relationships - Damages; (b) Tortious Interference with Advantageous Relations – Injunctive Relief; (c) Misappropriation of Trade Secrets – Damages; (d) Misappropriation of Trade Secrets – Injunctive Relief; (e) Florida Deceptive and Unfair Trade Practices Act – Damages; (f) Florida Deceptive and Unfair Trade Practices Act – Injunctive Relief; (g) Common Law Unfair Competition - Damages; (h) Breach of Fiduciary Duty; and (i) Conspiracy.

## II. REMOVAL IS PROPER UNDER 28 U.S.C. §1452

Removal is appropriate under 28 U.S.C. § 1452(a) as this court has jurisdiction of the these claims under 28 U.S.C. § 1334 and Fed. R. Bankr. P. 9027.  Section 1334 confers upon the District Court (i) original and exclusive jurisdiction over bankruptcy "cases;" and (ii) original, but not exclusive, jurisdiction over matters that either "arise under" the Bankruptcy Code, or

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
444367v3

"arise in" or are "related" to a bankruptcy case. Accordingly, pursuant to § 1452, a party may remove a pending civil action to the District Court where a bankruptcy case is pending if the civil action is "related" to a bankruptcy case. The Eleventh Circuit Court of Appeals has broadly defined "related to" bankruptcy jurisdiction to include any matter the outcome of which "could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). Tijid's claims against Wal-Mart relate to Tijid's pending involuntary bankruptcy case because if Tijid establishes an entitlement to damages, such recovery would affect the amount of assets available to satisfy the claims of Tijid's creditors.

The matter removed is a non-core proceeding and Wal-Mart consents to the Bankruptcy Court entering final orders if this matter is referred to the Bankruptcy Court pursuant to S.D. Fla. L. R. 87.2.

### III. **REMOVAL IS PROPER UNDER 28 U.S.C. §1332**

Removal is also appropriate under 28 U.S.C. §1332 as complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

#### **Citizenship**

Plaintiffs are Florida corporations with their principal place of business in Vero Beach, Florida (*See* Compl. ¶ 1). Defendant Wal-Mart is an Arkansas corporation (*Id.* ¶ 24). Defendants Munnecke and McFadden are residents and citizens of Arkansas (*Id.* ¶ 25). Defendant Dorel is a Canadian corporation (*Id.* ¶ 22). Defendant Adams is a citizen and resident of Oklahoma (*Id.* ¶ 19). Defendants Segel and Schwartz are residents of Canada (*Id.* ¶ 23).

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
444367v3

Defendant ATS is an Oklahoma corporation (*Id.* ¶ 19). Defendants Cooper and Matthews are residents of Texas (*Id.* ¶ 20). Defendants Lion's Den and Bellow Designs are Nevada corporations (*Id.* ¶21). Accordingly, there is complete diversity between the named plaintiffs and the named defendants in this matter. *See* 28 U.S.C. § 1332(a)(1).

### Jurisdictional Amount

The amount in controversy requirement of 28 U.S.C. § 1332 also is satisfied. Plaintiffs allege they have suffered damages in excess of $1 billion as a result of Defendants' alleged tortious acts (*Id.* ¶¶ 17, 42, and 61). In addition, Plaintiffs have also requested prejudgment interest, costs, and attorneys' fees pursuant to §§ 501.2105and 688.05, Florida Statute (Amended Compl., Prayer for Relief, Count I-IX).

### Conclusion

Based on the foregoing, Wal-Mart has met its burden in establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332 (c), and this action is one which may be removed to this Court by Wal-Mart pursuant to 28 U.S.C. § 1441 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### IV.    THIS PETITION FOR REMOVAL IS TIMELY

Wal-Mart received a copy of the Amended Complaint on September 11, 2003. This Notice of Removal is being filed within thirty (30) days after receipt of Plaintiffs' Amended Complaint and, therefore, is timely filed pursuant to Fed.R. Bankr. P. 9027(a)(3) and 28 U.S.C. § 1446 (b).

LAW OFFICES
**SHOOK, HARDY & BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
444367v3

## V.    NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS HAVE BEEN FILED

Pursuant to Fed. R. Bankr. P. 9027(b) and 28 U.S.C. § 1446 (d) written notice of the filing of this Notice of Removal has been served by U.S. Mail on all parties to the removed cause of action this day.  A true and correct copy of this Notice of Removal will be filed promptly with the Clerk of the Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida pursuant to Fed. R. Bankr. P. 9027 (c).  Pursuant to Fed. R. Bankr. P. 9027 (a) (1), Wal-Mart attaches to this Notice of Removal (as Exhibit A) a copy of Plaintiffs' Amended Complaint and all process, pleadings and orders served upon defendants in the State Court Action.  Wal-Mart has otherwise complied with all requirements for removal under Title 28 of the United States Code.

## VI.    CONSENT OF ALL DEFENDANTS

All defendants who have been served in this action consent to and join in this Notice of Removal.  The other named Defendants will be filing with this Court affirmation of their consent to removal within the period afforded by 28 U.S.C. § 1446(b).

WHEREFORE, Defendant, Wal-Mart, removes the above captioned action from the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, to the United States District Court for the Southern District of Florida .

LAW OFFICES
**SHOOK, HARDY & BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
444367v3

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.
Attorneys for Defendant, Wal-Mart Stores, Inc.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone:     (305) 358-5171
Facsimile:     (305) 358-7470


By: _____
EDWARD MOSS
FLA. BAR NO. 057016
E-mail: emoss@shb.com
RICHARD DUNN
FLA. BAR NO. 126953
E-mail: rmdunn@shb.com
VIVIAN M. NIEBLA
FLA. BAR NO. 153990
E-mail: vniebla@shb.com

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 ● TELEPHONE (305) 358-5171
444367v3

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 1st day of October, 2003 to the parties identified below.

**Counsel for Plaintiffs**:

**W. E. Gary, Esquire**
Gary, Williams, Parenti, Finney, Lewis
McManus, Watson & Sperando
W. E. Gary Professional Center
320 South Indian River Drive
Fort Pierce, FL  34948-3390
Telephone:      772-464-2352
Fascimile:      772-464-4742

**Jeffrey A. Tew, Esquire**
Tew, Cardenas, Reba, Kellogg
2600 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131
Telephone:      305-536-1112
Facsimile:      305-536-1116

**Alan S. Polackwich, Sr., Esquire**
Clem, Polackwich, Vocelle & Berg, LLP
3333 20th Street
Vero Beach, FL  32960-2469
Telephone:      772-562-8111
Facsimile:      772-562-2870

**Counsel for Defendants, DOREL, SEGEL and SCHWARTZ:**

**Walter C. Greenough, Esquire**
**Jeanette S. Zimmer, Esquire**
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL  60606-6473
Telephone (Direct):    312-258-5578
Telephone (Main):      312-258-5500
Facsimile:             312-258-5600
Email: wgreenough@shiffhardin.com

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
444367v3

**James M. Miller, Esquire**
Akerman Senterfitt & Eidson
One S.E. Third Avenue, 28th Floor
Miami, FL 33131-1704
Telephone (Direct):   305-982-5624
Telephone (Main):     305-374-5600
Facsimile:            305-374-5095
Email: jmiller@akerman.com

**Counsel for Defendant, ADAMS and ATS**

**Charles Sampson, Esquire**
Suitter Axland
175 South West Temple, Suite 700
Salt Lake City, Utah 84101
Telephone:    801-532-7300
Facsimile:    801-532-7365
Email: csampson@suitter.com

**David B. Earle, Esquire**
Ross, Earle & Bonan, P.A.
Royal Palm Financial Center, Suite 212
First 759 South Federal Highway
Post Office Box 2401
Stuart, FL 34994
Telephone (Direct):   772-287-1745
Telephone (Main):     772-286-2990
Facsimile:            772-286-2996

**Counsel for Defendant, COOPER, MATHEWS and LION'S DEN**

**Howard M. Camerik, Esquire**
Blank Rome, LLP
1200 North Federal Highway, Suite 417
Boca Raton, FL 33432
Telephone (Direct):   561-417-8140
Telephone (Main):     561-417-8100
Facsimile:            561-417-8192
Email: camerik@blankrome.com

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
444367v3

### IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
### IN AND FOR INDIAN RIVER COUNTY, FLORIDA

TIJID, INC., d/b/a DIJIT, a Florida corporation,      CASE NO: 2003- 0129 CA 03
PALM BEACH HOME ACCENTS, INC., a Florida
corporation,

                            **Plaintiff,**

vs.

WAL-MART STORES, INC., an Arkansas
corporation; SCOTT MUNNECKE, and MICHAEL
McFADDEN; DOREL INDUSTRIES, INC., a
Canadian corporation; JEFF SEGEL; ALAN
SCHWARTZ; RICHARD W. ADAMS; ATS
NORTH, INC., an Oklahoma corporation; DONALD
CASEY COOPER; ROYCE PAUL MATHEWS;
LION'S DEN HOLDINGS, INC., a Nevada
corporation; BELLOW DESIGN AND
DEVELOPMENT, LLC, a Nevada corporation,



                          **Defendants.**

_____/

## AMENDED COMPLAINT

      Plaintiffs Tijid, Inc. ("Tijid") and Palm Beach Home Accents ("PBHA") sue Defendants for

damages in excess of $1 billion and for injunctive relief to prevent further harm to its businesses as

a result of Defendants tortious conduct. In support of this amended complaint, Plaintiffs allege:

### Plaintiffs' Business with Wal-Mart

      1.     Tijid and PBHA are Vero Beach businesses engaged in the manufacture, import and

sale of office chairs and candles to national retailers such as Wal-Mart Stores Inc. ("Wal-Mart") and

Sam's Club.[1]

_____

    [1]At all times material, Tijid and PBHA were affiliated entities, which had a certain level of
common stock ownership, and shared certain facilities, personnel and other resources.



**EXHIBIT**

_A_

2.     In 1995, Defendant Richard Adams ("Adams") became an officer, director and 24 percent shareholder of Tijid.  Adams is also a principal in Defendant ATS North and acts as a sales representative or employee of Defendant Dorel Industries, Inc. ("Dorel"), another Wal-Mart vendor. In 1995, Tijid began selling office chairs to Wal-Mart.  Adams was the Tijid representative with the most contact with Wal-Mart concerning Tijid's office chair business.

3.     In 1999, Tijid expanded its sales to Wal-Mart to include candles. Plaintiffs hired Melanie Eakes ("Eakes"), first as a consultant, and then as an employee, to be the lead sales person managing Tijid's relationship with Wal-Mart in connection with its candle business.  Defendants Casey Cooper ("Cooper") and Royce Mathews ("Mathews") (and their related companies, Defendants Lion's Den Holdings Inc.("Lion's Den")  and Bellow Design and Development LLC ("Bellow Designs") were hired as consultants to Plaintiffs for the purpose of designing candles to be sold by Tijid to Wal-Mart and Sam's Club.  David Pamintuan, his wife Wendy, and their related companies (the "Pamintuans") were also hired as consultants to Plaintiffs for the purpose of procuring the manufacture of the candles.[2]  Eakes, as a senior employee, Adams as an officer, and Cooper, Mathews, Lion's Den, Bellow Designs and the Pamintuan entities, as consultants, were trusted with confidential, proprietary and trade secret information concerning Plaintiffs' businesses, their product design and manufacturing processes, suppliers, vendors, retailers, pricing structure, cost structure and customers.   This trade secret and confidential  information is extremely valuable.

4.     During the period 1995 through the present, Tijid sold over $200 million dollars in candles and office chairs to Wal-Mart and Sam's Club, without any material problems.

------------------------------------------------

[2]Melanie Eakes and the Pamintuans have been sued in separate suits and, therefore, are not named defendants in this suit.

*Page 2 of 19*

## The Conspiracy to Steal Plaintiffs' Business

5.      In early 2002, apparently driven by greed, Adams became disgruntled and began a scheme to steal Tijid's Wal-Mart and Sam's Club business. As part of this scheme, Adams solicited each Defendant to assist him in diverting Plaintiffs' business to a competitor. In the summer and fall of 2002, Adams solicited Wal-Mart purchasers, Defendants Michael McFadden ("McFadden") and Scott Munnecke ("Munnecke") to assist him in diverting Tijid's business to another Wal-Mart vendor at a larger profit share for Adams. At the same time, Adams solicited Dorel through its senior officers and directors, Defendants Jeff Segel ("Segel") and Alan Schwartz ("Schwartz"), to be part of the scheme. As a result, Segel and Schwartz set up a home decor division at Dorel and conspired with Adams, Eakes, the Pamintuans, Cooper, Mathews, Munnecke and McFadden to use Plaintiffs' confidential and trade secret information to steal Tijid's Wal-Mart business for Dorel. Adams also recruited Plaintiffs' former Chief Financial Officers Robert Miles ("Miles"), in violation of Miles's non-competition agreements, to manage Dorel's new home decor division.[3]

6.      On December 3, 2002, unaware of Adams's scheme, Tijid included Adams in a meeting with Wal-Mart. At that meeting, Wal-Mart was represented by McFadden. McFadden knew at the time that Adams planned to leave Tijid and conspired with him to divert Tijid's Wal-Mart business to Dorel. To that end, despite his knowledge of Adams's plans, McFadden attended the meeting on Wal-Mart's behalf and pretended to treat Adams as a representative of Tijid. During that meeting, in an attempt to create a record for his subsequent diversion of business away from Tijid, McFadden became very antagonistic to Tijid and raised for the first time a number of alleged concerns

---

[3]Miles is sued in a separate suit and is, therefore, not a named Defendant in this suit.

*Page 3 of 19*

about Tijid's performance.   Immediately following the December 3, 2002 meeting, Adams and McFadden had a private conversation about Tijid's business with Wal-Mart.

7.      Tijid addressed all of McFadden's concerns within 48 hours of the meeting, but McFadden remained antagonistic.

8.      On or about December 10, 2002, within days of that meeting, Adams set in motion his plans to divert Tijid's Wal-Mart business. First, Adams resigned as officer and director of Tijid. Second, between December 16 and 19, 2002, Eakes, Cooper, Mathews and the Pamintuans resigned as employees and consultants of Plaintiffs. Then, on December 20, 2002, Wal-Mart's McFadden had another meeting with Tijid in which McFadden threatened Tijid's principal stating that "Tijid should find another chair customer."

9.      In furtherance of their conspiracy to harm Plaintiffs, the conspirators Eakes, Adams, Cooper, Mathews, Lions Den, and Bellow Designs together with the Pamintuans (who in December 2002 were making the candles for Tijid's 2003 holiday showing to Wal-Mart) misappropriated Plaintiffs' candles, designs, formulas, specifications, and pricing by providing them to Tijid's competitor, Dorel.   In addition to misappropriating Plaintiffs' candles, designs, formulas, specifications, and pricing, Cooper, Mathews, Lions Den, Bellow Designs and the Pamintuans actually shipped Tijid's samples to Dorel's showroom in Bentonville, Arkansas, care of Eakes to show to Wal-Mart as Dorel's own samples.

10.     With Munnecke's and McFadden's assistance, the conspirators presented Tijid's samples to Wal-Mart as "Dorel's candles." In fact, on January 27, 2003, Munnecke, as a Wal-Mart buyer, signed in Eakes, as a "Dorel" employee, at Wal-Mart's Kansas City meeting to discuss

*Page 4 of 19*

"Dorel's candles" and on February 11, 2003, Munnecke, on behalf of Wal-Mart, went to a Dorel candle showing with Adams, Segel, Schwartz, Eakes, the Pamintuans and Cooper.

11.     As a result of the Defendants theft of Plaintiffs' trade secrets, Tijid was deprived of its samples and trade secrets at a critical time and was unable to make the presentation it had planned in order to secure the customary lucrative holiday season orders. Indeed, while other vendors were asked to show their Holiday line to Wal-Mart in February, in its efforts to divert Tijid's business to Tijid's competitors, Wal-Mart, knowing that Tijid had lost its employees, consultants, and samples in December, requested that Tijid show its Holiday line in January, putting Tijid at a further disadvantage.

12.     Wal-Mart employees have engaged in other tortious conduct. For example, Tijid's Israeli supplier, Etzion Candles ("Etzion"), prior to working with Tijid, leased space in Bentonville in a building owned by Dean Eisma.[4] Eisma through a representative company, provided "consulting" services to Etzion and charged a commission of one percent of sales. The "consulting services" consisted of nothing more than Eisma securing Wal-Mart orders from his close friend Munnecke in exchange for the "commission." After Etzion became involved with Tijid, Etzion discontinued paying the "commissions." Since then, Munnecke has pressured Etzion to end its relationship with Tijid. This interference by Wal-Mart has damaged Plaintiffs' relationship with its supplier.

13.     Beginning in January 2003, Plaintiffs reported to Wal-Mart's officers and General Counsel the facts set forth in this amended complaint and the improper relationships between Adams,

---

[4]Dean Eisma a/k/a Dean Eisner ("Eisma") is a close personal friend of Adams and Munnecke and is former buyer for Department 17 of Wal-Mart. This is the same Department now managed by McFadden and Munnecke. Eisma owns real estate together with Adams in Bentonville, Arkansas. Eisma's wife was a Wal-Mart employee at time of real estate acquisition. Her name is on the deed.

Eisma, Munnecke and McFadden. In March, Wal-Mart acknowledged that it was already aware of the questionable conduct by these individuals. Despite Plaintiffs' reports and its previous awareness of the improper conduct, Wal-Mart has not remedied the problems and has instead conspired with the other defendants to divert Tijid's business.

14.     When Plaintiffs discovered that Dorel was attempting to sell its candles to Wal-Mart as its own, Plaintiffs filed suit against Dorel in Arkansas and Florida. Since then, Dorel has contended that it would discontinue its involvement in the scheme. As a result, McFadden and Munnecke have redirected Tijid's Wal-Mart orders to another Wal-Mart vendor, Test-Rite, which now employs Miles, and may have engaged other co-conspirators as employees or consultants.

15.     In addition, in April 2003, in furtherance of his scheme, Adams improperly filed an involuntary bankruptcy petition against Tijid and has used that fact to further undermine Plaintiffs' supplier and customer relationships.

16.     As a result of this conspiracy, Wal-Mart has systematically reduced its orders from Tijid and plans to completely stop doing business with Tijid all together.

17.     Plaintiffs have suffered damages in excess of $1 billion as a result of Defendants' tortious acts more fully set forth below.

18.     Each Defendant's participation in the conspiracy was willful, wanton, and in conscious disregard of Plaintiffs' rights.

## Parties, Jurisdiction and Venue

19.     Adams is an individual and believed to be a resident of Oklahoma.  Defendant ATS North Inc. ("ATS") is a corporation organized and existing under the laws of the State of Oklahoma. Adams is believed to be the sole officer, director and shareholder of ATS which, at all times material, has acted as the agent and alter ego of Adams.  In addition, Adams at all times acted as the agent of ATS.

20.     Defendants Cooper and Mathews are believed presently to be living in the State of Texas.  Until approximately 2001, Cooper and Mathews resided in Indian River County, Florida, and performed consulting services to Plaintiffs in Indian River County, Florida.

21.     Defendants Lion's Den and Bellow Designs are corporations organized and existing under the laws of the State of Nevada.  Cooper and Mathews are the sole directors, officers and shareholders of Lion's Den and Bellow Designs.  At all material times, Lion's Den and Bellow Designs acted as agent and alter ego of Cooper and Mathews.  And, at all times Copper and Mathews acted as the agents of Lion's Den and Bellow Designs.

22.     Defendant Dorel is a corporation organized and existing under the laws of Canada. At all times material, Defendant Dorel has been doing business in the State of Florida through its various divisions and subsidiaries.  At all times material, Dorel  has been a potential and actual competitor of Plaintiffs.

23.     Defendants Segel and Schwartz are residents of Canada who have second homes in Florida from which they conduct the business of Dorel and from which they participated in the conspiracy to misappropriate Plaintiffs' trade secrets and to steal Tijid's Wal-Mart business.  At all material times, Segel and Schwartz acted as agents of Dorel.

*Page 7 of 19*

24.     Wal-Mart is an Arkansas corporation doing business in the State of Florida.

25.     Defendants Munnecke and McFadden are residents of Arkansas. At all material times, Munnecke and McFadden acted as agents of Wal-Mart.

26.     Each of the aforesaid Defendants is subject to the jurisdiction of this Court with respect to the matters set forth herein, based upon the following:

      A.     Each Defendant contacted Plaintiffs in Florida by telephone and electronic mail in furtherance of the conspiracy to misappropriate Plaintiffs trade secrets and divert Tijid's business to a competitor.

      B.     Each Defendant obtained Plaintiffs' trade secret and confidential information from Plaintiffs Florida office. Co-conspirator Adams provided Tijid's trade secrets to Dorel, Schwartz and Segel in Florida.

      C.     All of the Defendants engaged in or conspired to engage in tortious acts within the State of Florida, which caused injury to Plaintiffs within the State of Florida, arising out of acts or omissions inside and outside the State of Florida.

      D.     Adams was an officer, director and shareholder of Tijid. Adams contacted Plaintiffs in Florida and conspired with Segel and Schwartz to tortiously interfere with Plaintiffs' businesses and to establish the competing division of Dorel with Segel and Schwartz in Florida.

      E.     Adams, Cooper, Mathews, Schwartz, Segel, Munnecke and McFadden committed or conspired to commit intentional misconduct within the state of Florida.

*Page 8 of 19*

F.    Cooper and Mathews resided in and performed consulting services for Plaintiffs in Florida until approximately 2001, after which time Cooper, Mathews, Lion's Den and Bellow Designs continued to provide such services to Plaintiffs in Florida until approximately December 18, 2002.

G.    Dorel and Wal-Mart regularly conduct business and sell its products in the State of Florida.

H.    All Defendants have been and are engaged in substantial and not isolated activity within the State of Florida.

27.    Venue is proper in this Court because Plaintiffs' principal places of business are located in Indian River County, Florida. Further, all causes of action accrued in Indian River County because Plaintiffs sustained damages in Indian River County.

28.    Plaintiffs have been forced to retain undersigned counsel to pursue its remedies and has agreed to pay such counsel a reasonable fee.

## Count I
### (Tortious Interference With Advantageous Relationships - Damages)

Plaintiffs reallege paragraphs 1 through 28 as if fully incorporated herein and further allege:

29.    At all times material, Plaintiffs enjoyed advantageous business relationships with their employees, consultants, suppliers and customers. Defendants had knowledge of such relationships.

30.    Defendants interfered with Plaintiffs' relationships by pirating Plaintiffs' employees and consultants, by spreading falsehoods concerning Plaintiffs to their suppliers and customers, and by utilizing Plaintiffs' former employees, consultants, confidential and trade secret information and samples - all to the end of causing such persons or entities to terminate their relationships with Plaintiffs, and to establish new relationships with Dorel and/or another competitor.

*Page 9 of 19*

31.     Defendants also improperly interfered with Plaintiffs' supply relationships by providing such suppliers false information relating to Plaintiffs' viability and by exerting economic pressure on such suppliers to discontinue their business with Plaintiffs.

32.     All such actions were undertaken by Defendants intentionally and without legal justification.

33.     As a result of said wrongful actions by Defendants, Plaintiffs have incurred substantial expenses in obtaining design and manufacturing services in attempting to recreate new samples, and in attempting to preserve their relationships with suppliers and customers including Defendant, Wal-Mart. And, ultimately Plaintiffs have suffered hundreds of millions of dollars in damages in lost sales to Wal-Mart.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a judgment in their favor against Defendants, jointly and severally, for damages, prejudgment interest and costs together with such other and further relief as the Court deems appropriate under the circumstances.

## Count II
## (Tortious Interference With Advantageous Relationships - Injunctive Relief)

Plaintiffs reallege  paragraphs 1 through 28 (except 17) as if fully incorporated herein and further allege:

34.     At all times material, Plaintiffs enjoyed advantageous business relationships with their employees, consultants, suppliers and customers.  Defendants had knowledge of such relationships.

35.     Defendants interfered with Plaintiffs' relationships by pirating their employees and consultants, by spreading falsehoods concerning Plaintiffs to their suppliers and customers, and by utilizing Plaintiffs' former employees, consultants, confidential and trade secret information and

samples - all to the end of causing such persons or entities to terminate their relationships with Plaintiffs, and to establish new relationships with Dorel and/or another competitor.

36.     Defendants also improperly interfered with Plaintiffs' supply relationships by providing such suppliers false information relating to Plaintiffs' viability and by exerting economic pressure on such suppliers to discontinue their business with Plaintiffs.

37.     All such actions were undertaken by Defendants intentionally and without legal justification.

38.     Plaintiffs have a substantial likelihood of success on the merits of their claims. Plaintiffs have no adequate remedy at law to prevent the continuing detriment and damage resulting from the Defendants' wrongful actions and will suffer irreparable harm if an injunction does not issue. Further, the threatened injury to Plaintiffs outweighs any possible harm to Defendants in granting the injunction and such an injunction serves the public interest.

        **WHEREFORE,** Plaintiffs respectfully request that this Court enter a temporary and permanent injunction enjoining the Defendants from interfering with Plaintiffs' advantageous relationships, and such further relief as the Court deems appropriate under the circumstances.

## Count III
### (Misappropriation of Trade Secrets - Damages)

Plaintiffs reallege paragraphs 1 through 28 as if fully incorporated herein and further alleges:

39.     Plaintiffs possess trade secret information which includes without limitation, formulas, components, design information, manufacturing information, customer information, pricing information, cost and expense information, patterns, compilations, programs, devices, methods, techniques and processes (collectively, "trade secrets"). In addition, Plaintiffs have developed tangible examples and samples of their products for display to existing and potential customers

*Page 11 of 19*

(collectively, "samples").   Over the years, Plaintiffs spent millions of dollars developing the trade secret information and samples.   The trade secrets and samples include formulas, patterns, compilations, programs, devices, methods, techniques or processes that derive independent economic value that were not generally known or readily ascertainable by proper means by its competitors or Wal-Mart.  Plaintiffs took all reasonable efforts under the circumstances to maintain their secrecy.

40.     At all times material, the Defendants knew that the trade secret information and samples were "trade secrets," and had been provided to Defendants solely to be used in furtherance of Plaintiffs' business activities.

41.     Defendants used or disclosed the trade secret  information and samples without the express or implied consent of Plaintiffs.  Specifically, the Defendants used and disclosed the trade secrets and samples in developing and implementing their plan to pirate Plaintiffs' employees and consultants, to interfere with Plaintiffs' relationships with their suppliers and customers, and to divert Plaintiffs' Wal-Mart business to Dorel and then to other competitors.  At all such times, Defendants knew or had reason to know that their knowledge of the trade secret information and use of the samples were acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use.

42.     As a result of said wrongful actions by the Defendants, Plaintiffs has incurred substantial expenses in obtaining design and manufacture services in attempting to recreate new samples, and in attempting to preserve their relationships with suppliers and customers, including Wal-Mart. Despite their efforts, Plaintiffs ultimately suffered in excess of $1 billion dollars in damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a judgment in their favor against Defendants, jointly and severally, for damages, prejudgment interest, costs and attorneys' fees pursuant to Section 688.05 Florida Statutes, together with such other and further relief as the Court deems appropriate under the circumstances.

## Count IV
### (Misappropriation of Trade Secrets - Injunction)

Plaintiffs reallege paragraphs 1 through 28 (except 17) and 39 through 41 as if fully incorporated herein and further allege:

43.     Plaintiffs have a substantial likelihood of  success on the merits of their claims. Plaintiffs have no adequate remedy at law to prevent the continuing detriment and damage resulting from the Defendants' wrongful actions and will suffer irreparable harm if an injunction does not issue. Further, the threatened injury to Plaintiffs outweighs any possible harm to Defendants in granting the injunction and such an injunction serves the public interest.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a temporary and permanent injunction enjoining the Defendants from using Plaintiffs' trade secrets together with an award of attorneys fees and costs, pursuant to section 688.05 Florida Statutes, and such other and further relief as the Court deems appropriate under the circumstances.

## Count V
### (FDUTPA– Damages)

Plaintiffs reallege paragraphs 1 through 28 as if fully incorporated herein and further allege:

44.     This is an action pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201, et. seq., Fla.Stat.

*Page 13 of 19*

45.     Defendants have engaged in unfair methods of competition, unconscionable acts or practices and unfair or deceptive trade practices as described above.

46.     As a direct and proximate result of Defendants' violation of FDUTPA, Plaintiffs have been damaged.

47.     Plaintiffs are entitled to attorneys' fees from Defendants pursuant to Florida Statutes § 501.2105.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a money judgment in their favor against Defendants, jointly and severally, for damages, prejudgment interest, attorneys fees and costs, together with such other and further relief as the Court deems appropriate under the circumstances.

### Count VI
### (FDUTPA– Injunction)

Plaintiffs reallege paragraphs 1 through 28 (except 17) as if fully incorporated herein and further allege:

48.     This is an action pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201, et. seq., Fla.Stat.

49.     Defendants have engaged in unfair methods of competition, unconscionable acts or practices and unfair or deceptive trade practices as described above.

50.     As a direct and proximate result of Defendants' violation of FDUTPA, Plaintiffs have been injured.

51.     Plaintiffs have a substantial likelihood of success on the merits of their claims. Plaintiffs have no adequate remedy at law to prevent the continuing detriment and damage resulting from the Defendants' wrongful actions and will suffer irreparable harm if an injunction does not issue.

*Page 14 of 19*

Further, the threatened injury to Plaintiffs outweighs any possible harm to Defendants in granting the injunction and such an injunction serves the public interest.

52.    Plaintiffs are entitled to attorneys' fees from Defendants pursuant to Florida Statutes § 501.2105.

WHEREFORE, Plaintiffs respectfully request that this Court enjoin Defendants from engaging in the unfair deceptive trade practices set forth above, award Plaintiffs' attorneys fees, together with such other and further relief as the Court deems appropriate under the circumstances.

## COUNT VII
### (Common Law Unfair Competition-Damages)

Plaintiffs reallege paragraphs 1 through 28 as if fully incorporated herein and further allege:

53.    Dorel and its agents Schwartz, Segel and Adams are in direct competition with Plaintiffs.

54.    Defendants Dorel, Schwartz, Segel and Adams wrongful conduct, which was contrary to honest business practices and any notion of fair play, has caused injury to the good will and business reputation of Plaintiffs.

55.    Plaintiffs have been damaged as a result of Defendants Dorel, Schwartz, Segel and Adams' unlawful conduct.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor against Defendants Dorel, Schwartz, Segel and Adams, jointly and severally, for damages, prejudgment interest, costs and attorneys fees, together with such other and further relief as the Court deems appropriate under the circumstances.

## COUNT VIII
### (Breach of Fiduciary Duty)

Plaintiffs reallege paragraphs 1 through 28 as if fully incorporated herein and further allege:

56.      Adams as an officer and Cooper, Mathews, Bellow Designs and Lions Den as consultants owed to Plaintiffs a fiduciary duty of good faith, loyalty and honesty, and specifically owed to Plaintiffs a duty to refrain from using and disclosing trade secret and confidential information to the advantage of themselves and Dorel, Test Rite or other competitor, and to the disadvantage of Plaintiffs.

57.      Defendants Adams, Cooper, Mathews, Lions Den and Bellow Designs breached said duty by using and disclosing the trade secret information to competitors prior to and following their resignations as officers and consultants with Plaintiffs.

58.      As a result of said breaches of duty, Plaintiffs have sustained damages and will sustain damages in the future.  Without limitation, Plaintiffs have sustained harm to their relationship with their suppliers and customers, and have and will sustain a loss of sales due to the improper and unfair competition of Dorel, Test Rite and other potential competitors with whom Defendants provided the trade secret and confidential information.

WHEREFORE, Plaintiffs respectfully request that this Court enter a money judgment in their favor  against Defendants, jointly and severally, for damages, prejudgment interest, costs  and attorneys fees, together with such other and further relief as the Court deems appropriate under the circumstances.

## Count IX
## (Conspiracy)

Plaintiffs realleges paragraphs 1 through 33, 39 through 42, 44 through 47, 53 through 58 as if fully incorporated herein and further allege:

59.     Each Defendant, together with the other Defendants, engaged in concerted conspiracy to destroy Plaintiffs' business, tortiously interfere with their advantageous business relationships, engaged in unlawful, unfair and deceptive trade practices, misappropriated Plaintiffs' trade secrets, breached their fiduciary duties and engaged in unfair competition.

60.     Defendants concerted action insured the success of the conspiracy and multiplied the damages suffered by Plaintiffs.  The success of the entire enterprise was largely dependent on the willing participation of each co-conspirator.

61.     As a result of such agreement, conspiracy and overt acts, Plaintiffs have incurred damages in excess of $1 billion dollars.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a money judgment in their favor against Defendants, jointly and severally, for compensatory damages, prejudgment interest, court costs  and attorneys fees, together with such other and further relief as the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via Certified Mail, Return Receipt Requested, and First Class U.S. Mail to parties on the attached service list this _____ day of September, 2003.

**DATED** this 11th day of September, 2003.

GARY, WILLIAM, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO
W.E. Gary Professional Center
320 South Indian River Drive
Fort Pierce, FL   34948-3390
Telephone: (772) 464-2352
Facsimile: (772) 464-4742

TEW CARDENAS LLP
2600 Miami Center
201 South Biscayne Boulevard
Miami, FL   33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116

CLEM, POLACKWICH, VOCELLE & BERG, LLP
3333 20th Street
Vero Beach, FL   32960-2469
Telephone:     772 562-8111
Facsimile:     772 562-2870

By: _____

## SERVICE LIST

Walter C. Greenough, Esq.
Schiff Hardin & Waite
Attorneys for Dorel Industries, Inc.
6000 Sears Tower
Chicago, IL 60606-6473
Phone: 312-258-5500
Fax: 312-258-5600
email: wgreenough@schiffhardin.com

James M. Miller, Esq.
Julie E. Nevins, Esq.
Akerman Senterfitt
Attorneys for Dorel Industries, Inc.
One S. W. Third Ave., 28th Floor
Miami, FL 33131-1704
Phone: 305-374-5600
Fax: 305-374-5095
Email: jmiller@akerman.com

Howard M. Camerik, Esq.
Blank Rome LLP
Attorneys for Cooper, Matthews and Lion's
Den
1200 North Federal Highway, Ste 417
Boca Raton, FL 33432
Phone: 561-417-8100
Fax: 561-417-8101

David B. Earle, Esq.
Cornett, Googe, Ross & Earle, P.A.
Attorneys for Richard W. Adams and ATS
North, Inc.
401 E. Osceola Street
Stuart, FL 34994
Phone: 772-286-2990
Fax: 772-286-2996

*Page 19 of 19*

CONTACT PERSON _Lor, France_          DATE _4-12-03_

DATE SERVED _9-12-03_

HOW SERVED:

- [x] PERSONAL SERVICE          - [ ] CERTIFIED / REGISTERED
- [ ] SERVED ON STORE           - [ ] REGISTERED AGENT
- [ ] SERVED ON OSA             - [ ] COURTESY COPY
- [ ] OTHER _____

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| PLAINTIFF(S)<br>TIJID, INC., et al., | VS. DEFENDANT(S)<br>WAL-MART STORES, INC., et al., | CLOCK IN<br>**COPY** |

| To Defendant(s):<br>WAL-MART STORES, INC. by serving Registered Agent: Corporation Service Company, | Address:  by serving Registered Agent: Corporation Service Company 1201 Hays Street, Tallahassee, FL 32301-2525 |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W.E. Gary, Esq. | Address: GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this **Summons and a copy of the Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>**J.K. BARTON** | BY: ~~J Bickford~~<br>DEPUTY CLERK | Court Seal | DATE<br>9-11-03 |
|---|---|---|---|

summons tijid v[1]. dorel to walmart.WPD

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| PLAINTIFF(S)<br>TIJID, INC., et al., | VS. DEFENDANT(S)<br>WAL-MART STORES, INC., et al., | CLOCK IN |

**COPY**

| To Defendant(s): SCOTT MUNNECKE, | Address: 3 Dayne Lane, Bentonville, AR 72712-3842 |
|---|---|

     A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

    You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W. E. Gary, Esq. | Address: GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this **Summons and a copy of the Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>J.K. BARTON | BY: _Bickland_<br>DEPUTY CLERK | Court<br>Seal | DATE<br>9-11-03 |
|---|---|---|---|

summons tijid v[1]. dorel to munnecke.WPD

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| PLAINTIFF(S)<br>TIJID, INC., et al., | VS. DEFENDANT(S)<br>WAL-MART STORES, INC., et al., | CLOCK IN |

**COPY**

| To Defendant(s):MICHAEL MCFADDEN | Address:  8446 Pine Ridge Drive, Rogers, AR |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16ᵗʰ Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W. E. Gary, Esq. | Address:  GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this **Summons and a copy of the Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>J.K. BARTON | BY:_____ J Bickford _____<br>DEPUTY CLERK | Court<br>Seal | DATE<br>9-11-03 |
|---|---|---|---|

summons re tijid v dorel on mcfadden.WPD

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS Personal Service on a Natural Person | CASE NUMBER 2003-0129 CA 03 |
| --- | --- | --- |
| PLAINTIFF(S) TIJID, INC., et al., | VS. DEFENDANT(S) WAL-MART STORES, INC., et al., | CLOCK IN **COPY** |

| To Defendant(s):  Jeff Segel, | Address: 300 - 1255 Green Avenue, Westmount Quebec Canada H3z 2A4 |
| --- | --- |

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney: W. E. Gary, Esq. | Address: GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
| --- | --- |

**TO EACH SHERIFF OF THE STATE OF FLORIDA:** You are commanded to serve this **Summons** and a copy of the **Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS J.K. BARTON | BY: _Buckland_ DEPUTY CLERK | Court Seal | DATE 9-11-03 |
| --- | --- | --- | --- |

summons re tijid v[1]. dorel on segel.WPD

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| PLAINTIFF(S)<br>TIJID, INC., et al., | VS. DEFENDANT(S)<br>WAL-MART STORES, INC., et al., | CLOCK IN<br>**COPY** |

| To Defendant(s):  ALAN SCHWARTZ | Address: 300 - 1255 Green Avenue, Westmount<br>Quebec Canada H3z 2A4 |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W. E. Gary, Esq. | Address:  GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this **Summons and a copy of the Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>J. K. BARTON | BY: _____<br>DEPUTY CLERK | Court Seal | DATE<br>9/11/03 |
|---|---|---|---|

summon re tijid v[1]. dorel on schwartz.WPD

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| PLAINTIFF(S)<br>TIJID, INC., et al., | VS. DEFENDANT(S)<br>WAL-MART STORES, INC., et al., | CLOCK IN |

COPY

| To Defendant(s):<br>BELLOW DESIGN AND DEVELOPMENT, LLC, | Address: By Serving: Laughlin Associates, Inc., its Registered Agent, 2533 North Carson Street, Carson City, Nevada 89706-0147 |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W. E. Gary, Esq. | Address: GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Amended Complaint filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>J.K. BARTON | BY: _JBuckland_<br>DEPUTY CLERK | Court Seal | DATE<br>9-11-03 |
|---|---|---|---|

summons re tijid v[1]. dorel on bellow.WPD

## RETURN OF SERVICE AFFIDAVIT

SECOND JUDICIAL CIRCUIT COURT                    CASE: 2003-0129-CA-03
INDIAN RIVER                                     CIVIL DIVISION

SUMMONS, AMENDED COMPLAINT

TIJID, INC., ET AL.,

vs.

WAL-MART STORES, INC., ET AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. ADVANCED INVESTIGATIONS,
received this process on September 11, 2003 at 04:20 P.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **WAL-MERT STORES, INC. C/O
CORPORATION SERVICE COMPANY, R.A.**, at 1201 HAYES STREET, TALLAHASSEE, FL 32301 on
**SEPTEMBER 11, 2003 at 04:25 P.M.**

### CORPORATE SERVICE

By serving a copy of the above document(s) to **CORPORATION SERVICE CO.** as **REGISTERED
AGENT** or any employee of defendant corporation in the absence of any superior officer as
defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a
registered agent present as required by F.S., Section 48.091.

### COMMENTS

DELIVERED TO: ANNE MOCK, AUTHORIZED AGENT TO ACCEPT

The foregoing instrument was              ADVANCED INVESTIGATIONS
acknowledged before me this day           2837 LITTLE DEAL ROAD
by the process server who is              TALLAHASSEE, FL 32308
personally known to me.
September 12th, 2003


_____                   _____
NOTARY                                    WILLIAM T. VAUSE SECOND CIRCUIT, ID #30

INDEX   51537

ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

☒ IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>2003-0129 CA 03 |
|---|---|---|
| **PLAINTIFF(S)**<br>TIJID, INC., et al., | **VS. DEFENDANT(S)**<br>WAL-MART STORES, INC., et al., | **CLOCK IN** |

| To Defendant(s):<br>WAL-MART STORES, INC. by serving Registered Agent: Corporation Service Company, | Address:  by serving Registered Agent: Corporation Service Company 1201 Hays Street, Tallahassee, FL 32301-2525 |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Indian River County Courthouse
2000 16th Avenue,
Vero Beach, FL 32960

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

| Plaintiff's Attorney:<br>W.E. Gary, Esq. | Address: GARY, WILLIAMS, ET AL., WATERSIDE PROF. BLDG., 221 EAST OSCEOLA STREET, STUART, FL 34994-2175 (772-283-8260) |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this **Summons and a copy of the Amended Complaint** filed in this lawsuit on the above-named defendant.

| CLERK OF COURTS<br>J.K. BARTON | BY: _~JBickford~_<br>DEPUTY CLERK | Court<br>Seal | DATE<br>9-11-03 |
|---|---|---|---|

summons tijid v[1]. dorel to walmart.WPD

AMT. VAUSE
CERTIFIED PROCESS SERVER ID # 30
19TH JUDICIAL CIRCUIT FLORIDA COUNTY
DATE 9-11-03 TIME 4:25 P

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
INDIAN RIVER COUNTY, FLORIDA
CASE NO.:    2003 0057 CA03
JUDGE:       Robert A. Hawley

TIJID INC., a Florida corporation and
PALM BEACH HOME ACCENTS,
INC., a Florida corporation,

                 Plaintiff,

vs.

MELANIE L. EAKES,

                 Defendant.

_____/

## NOTICE OF HEARING
### Motion Calendar

TO:   See Certificate of Service

    PLEASE TAKE NOTICE that the undersigned will call up for hearing before the Honorable

Robert A. Hawley, Judge of the above-styled Court, at the Courtroom 383, Indian River County

Courthouse, 383 Indian River County Courthouse, Suite 383, 2000 16th Avenue, Vero Beach, FL

32960, on **Thursday, October 2, 2003 at 8:45 a.m.,** or as soon thereafter as can be heard, the

following:

**Tew Cardenas' Motion to Withdraw as Counsel**

    PLEASE GOVERN YOURSELF ACCORDINGLY.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
via fax this 22nd day of September, 2003 to : I. William Spivey, II, Esq., **Greenberg Traurig, P.A.,**
450 South Orange Avenue, Suite 650, Orlando, Florida 32801 Fax 407-841-1295 and Tijid, Inc., and
Palm Beach Home Accents, Inc., 1507 - 20th Street, Vero Beach, FL 32960-0614 Fax: 772-778-4486.

                       **TEW CARDENAS, LLP**
                       201 S. Biscayne Boulevard, 26th Floor
                       Miami, Florida 33131
                       Telephone:     305 536-1112
                       Facsimile:      305 536-1116

By: _____
          Jeffrey Tew, Esq.
          Fla. Bar No. 121291

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
INDIAN RIVER COUNTY, FLORIDA

CASE NO.:   2003 0057 CA03
JUDGE:      Robert A. Hawley

TIJID INC., a Florida corporation and
PALM BEACH HOME ACCENTS,
INC., a Florida corporation,

                         Plaintiff,

vs.

MELANIE L. EAKES,

                         Defendant.

_____/

### TEW CARDENAS, L.L.P.'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

The law firm of Tew Cardenas, L.L.P. (hereafter the "Firm") moves this Court for the entry of an Order authorizing the Firm to withdraw as counsel for Plaintiffs Tijid, Inc. and Palm Beach Home Accents, Inc. (hereafter Plaintiffs).  As grounds for this Motion the Firm states:

1.    The Firm has represented Plaintiffs as co-counsel in this action.

2.    Irreconcilable differences have arises between the Plaintiffs and the Firm.

3.    The Firm must, therefore, withdraw as counsel for Plaintiffs.

4.    The undersigned therefore respectfully requests that the Court permit the Firm to withdraw as counsel for the Plaintiffs and be relieved from any further responsibility as to these parties.

WHEREFORE, the Firm moves this Court for the entry of an Order authorizing the Firm to withdraw as counsel for Plaintiffs, relieving it of all further obligation in this matter.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by fax this

Case No. 2003 0057 CA03

22nd day of September, 2003 to:  I. William Spivey, II, Esq., **Greenberg Traurig, P.A.**, 450 South Orange Avenue, Suite 650, Orlando, Florida 32801 Fax 407-841-1295 and Tijid, Inc. and Palm Beach Home Accents, Inc., 1507 - 20th Street, Vero Beach, FL 32960-0614 Fax: 772-778-4486.

TEW CARDENAS L.L.P.
Attorneys for Plaintiffs
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131-4336
Telephone: (305) 536-1112
Facsimile: (305) 536-1116

By: _____
Jeffrey Tew, Esq.
Florida Bar No. 121291

ODMA\MHODMA\MIAMI:382690:1

2

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**03 - 14290**

D.C.

2003 OCT -1 PM 3: 48

**CIV-MIDDLEBROOKS**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TIJID, INC., d/b/a DIJIT, a Florida corporation; PALM BEACH HOME ACCENTS, INC., a Florida corporation | WAL-MART STORES, INC., ET AL |
| | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: An Arkansas Corporation (IN U.S. PLAINTIFF CASES ONLY) |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: INDIAN RIVER (EXCEPT IN U.S. PLAINTIFF CASES) | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>See attached list. | ATTORNEYS (IF KNOWN)<br><br>Edward A. Moss, Esquire<br>Richard M. Dunn, Esquire<br>Vivian M. Niebla, Esquire<br>SHOOK, HARDY & BACON L.L.P.<br>201 S. Biscayne Boulevard, Suite 2400<br>Miami, Florida  33131<br>Telephone: (305) 358-5171<br>Facsimile: (305) 358-7470<br>ATTORNEYS FOR WAL-MART STORES, INC. |

*MAGISTRATE JUDGE LYNCH*

*Ft. Pierce | 03 · 14290 - Civ Middlebrooks | Lynch*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   Indian River

## II. BASIS OF JURISDICTION

(PLACE AN X ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff (U.S. Government Not a Party)
- ☐ 3 Federal Question
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Case Only)   (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 4 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. § 1332, 1441, 1446 and 1452(a) – PETITION FOR REMOVAL OF INVOLUNTARY BANKRUPTCY PROCEEDING PURSUANT TO 11 U.S.C. § 303D

**IVa.**   **0**   days estimated (for both sides) to try entire case

## V. NATURE OF SUIT

(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | | A TORTS | | | B FORFEITURE / PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|---|---|
| 110 Insurance | | | PERSONAL INJURY | | 610 Agriculture | 422 Appeal 28 USC 158 | 400 States Reappointment |
| 120 Marine | 310 Airplane | | 362 Personal Injury-Med Malpractice | | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | | 365 Personal Injury-Product Liability | | 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 368 Asbestos Personal Injury Product Liability | | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. B |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | PERSONAL PROPERTY | | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | | 370 Other Fraud | | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) B | 345 Marine Product Liability | | 371 Truth in Lending B | | 660 Occupational Safety/Health | B SOCIAL SECURITY | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits B | 350 Motor Vehicle | | 380 Other Personal Property Damage | | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 160 Stockholder's Suits | 355 Motor Vehicle Product Liability | | 385 Property Damage Product Liability | | A LABOR | 862 Black Lung (923) | 875 Customer Challenge 12USC3410 |
| X 190 Other Contract | 360 Other Personal Injury | | | | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | | | 720 Labor/Mgmt. Relations B | 864 SSID Title XVI | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B | PRISONER PETITIONS | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | | 510 Motions to Vacate Sentence | | 740 Railway Labor Act | A FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 220 Foreclosure B | 442 Employment | | Habeas Corpus | | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | | 530 General * | | 791 Employee Ret. Inc. Security Act B | 871 IRS-Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | | 535 Death Penalty | | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | | 540 Mandamus & Other * | | | | 890 Other Statutory Actions* |
| 290 All Other Real Property | | | 550 Civil Rights * A or B | | | | * A or B |

$150.00   890014

10|01|03

| VI.  ORIGIN | | | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|---|---|
| 1.  Original Proceeding | 2.X  Removed From State Court | 3.  Remanded from Appellate Court | 4  Refiled 5.  Transferred from another district (Specify) | : 6  Multidistrict Litigation | | 7  Appeal to District Judge from Magistrate Judgment | |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23 | | CLASS ACTION | DEMAND $ | | Check YES only if demanded in complaint: JURY DEMAND: | YES ✔ NO |
|---|---|---|---|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See Instructions): | | JUDGE | | | DOCKET NUMBER: 03-32008-BKC-SHF 2003-0129 CA 03 | |

DATE

October ____, 2003

SIGNATURE OF ATTORNEY OF RECORD

Edward A. Moss

FOR OFFICE USE ONLY  Receipt No _____

Date Paid _____

Amount _____

M/ifp. _____

**Counsel for Plaintiffs:**

**W. E. Gary, Esquire**
Gary, Williams, Parenti, Finney, Lewis
McManus, Watson & Sperando
W. E. Gary Professional Center
320 South Indian River Drive
Fort Pierce, FL  34948-3390
Telephone:     772-464-2352
Fascimile:      772-464-4742

**Jeffrey A. Tew, Esquire**
Tew, Cardenas, Reba, Kellogg
2600 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131
Telephone:     305-536-1112
Facsimile:      305-536-1116

**Alan S. Polackwich, Sr., Esquire**
Clem, Polackwich, Vocelle & Berg, LLP
3333 20th Street
Vero Beach, FL  32960-2469
Telephone:     772-562-8111
Facsimile:      772-562-2870

**Counsel for Defendants, DOREL, SEGEL and SCHWARTZ:**

**Walter C. Greenough, Esquire**
**Jeanette S. Zimmer, Esquire**
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL  60606-6473
Telephone (Direct):   312-258-5578
Telephone (Main):    312-258-5500
Facsimile:              312-258-5600
Email: wgreenough@shiffhardin.com

**James M. Miller, Esquire**
Akerman Senterfitt & Eidson
One S.E. Third Avenue, 28th Floor
Miami, FL  33131-1704
Telephone (Direct):   305-982-5624
Telephone (Main):    305-374-5600
Facsimile:              305-374-5095
**Email: jmiller@akerman.com**

**Counsel for Defendant, ADAMS and ATS**:

**Charles Sampson, Esquire**
Suitter Axland
175 South West Temple, Suite 700
Salt Lake City, Utah  84101
Telephone:      801-532-7300
Facsimile:      801-532-7365
Email: csampson@suitter.com

**David B. Earle, Esquire**
Ross, Earle & Bonan, P.A.
Royal Palm Financial Center, Suite 212
First 759 South Federal Highway
Post Office Box 2401
Stuart, FL  34994
Telephone (Direct):      772-287-1745
Telephone (Main):        772-286-2990
Facsimile:               772-286-2996

**Counsel for Defendant, COOPER, MATHEWS and LION'S DEN:**

**Howard M. Camerik, Esquire**
Blank Rome, LLP
1200 North Federal Highway, Suite 417
Boca Raton, FL  33432
Telephone (Direct):    561-417-8140
Telephone (Main):      561-417-8100
Facsimile:             561-417-8192
Email: camerik@blankrome.com